EMANUEL ORR, plaintiff in error, *v.* JOSEPH THOMPSON, who sues for the use of William Curtis, defendant in error.

*Error to Edwards.*

A suit in favor of A. for the use of B. against E. and F. was entered upon a justice's docket, when E. appeared and confessed judgment upon a joint and several promisory note executed by them.   Subsequently the justice issued process against F. reciting the previous proceedings, and requiring him to show cause why judgment should not be rendered against him also.   He appeared and pleaded in abatement the death of the nominal plaintiff prior to the commencement of the suit, which defence was overruled by the justice, who rendered a separate judgment against him: *Held,* that the process, if regarded as a *scire facias,* was unauthorized, and could not continue the suit; that it could only be sustained as a new and independent suit; and, also, that the previous proceedings constituted no bar to the suit against F. to enforce his liability as one of the makers of the note.

THE plaintiff in error, with one other person, executed a note to Joseph Thompson, the nominal defendant in error. His joint and several promissor appeared before a justice of the peace and confessed a judgment for the amount of the note, no process having been issued.   Subsequently, the justice issued process against the present plaintiff in error, which recited the previous proceedings before him.   The defendant appeared and pleaded the death of Thompson in abatement, and to the jurisdiction of the justice, both of which pleas were held insufficient, when a judgment was rendered against the defendant for the amount of the note and interest.   He then appealed to the Circuit Court, and, at the September term 1846, the Hon. William Wilson presiding, insisted on the same pleas, which were again adjudged insufficient, and the separate judgment against him affirmed.

*W. H. Herndon,* for the plaintiff in error.

1. All personal actions survive to the legal representatives of the deceased, and all actions should be brought in the name of executors or administrators.   1 Chitty's Pl. 1,

2, 3, 19; Gould's Pl. 264, § 90; *Clapp* v. *Stoughton*, 10 Pick. 468.

2. *Scire facias* only issues from Courts of record. 3 Tomlin's Law Dic. 426; 6 Bac. Abr. 103, *a;* 2 Bouvier's Law Dic. 379.

3. Justice's Courts are not Courts of record. *Thomas* v. *Robinson*, 3 Wend. 267; 5 Ohio, 350; *Trader* v. *McKee*, 1 Scam. 558.

4. If the justice had no right or power to issue *sci. fa.* and had no jurisdiction over the person of defendant, it was the duty of the Circuit Court to dismiss the suit; for if the justice had none, the Circuit Court could have none. *Allen* v. *Belcher*, adm'r, 3 Gilm. 594.

5. A *sci. fa.* issues in Vermont by statute from a justice's judgment. 3 U. S. Dig. 391, § 164.

*A. T. Bledsoe*, for the defendant in error.

The Opinion of the Court was delivered by

TREAT, J.* The record discloses this state of case. Evin Shelby and Emanuel Orr, by their promissory note, dated the 20th of October, 1838, jointly and severally promised to pay Joseph Thompson $14·50 in twelve months. A suit was docketed on this note, on the 13th of November, 1845, before a justice of the peace, in the name of "Joseph Thompson, for the use of William Curtis, v. Evin Shelby and others;" and on the same day, on the appearance and confession of Shelby, the justice entered a judgment against him for $19·50, the amount then due on the note. On the 27th of April, 1846, the justice issued process reciting the previous proceedings, and requiring Orr to show cause why judgment should not be rendered against him. He appeared and pleaded in abatement, the death of Thompson prior to the commencement of the suit; but the justice overruled the defence, and rendered a separate judgment against Orr for

*LOCKWOOD, J. did not sit in this case.

Orr *v.* Thompson.

$20·25. He appealed to the Circuit Court, and there pleaded the same matter in abatement; but the Court sustained a demurrer to the plea, and affirmed the judgment of the justice.

The process issued by the justice was probably intended by him as a *scire facias* to bring in Orr, and make him a party to the judgment against Shelby. As such, it was unauthorized. It cannot be regarded as a continuation of the first suit, for that was at an end when the judgment was entered against Shelby; but must be treated as a new and independent action against Orr. As such, it may be sustained, unless the matter set up in abatemdnt will defeat it. The previous proceedings constituted no bar to a subsequent suit to enforce the liability of Orr, as one of the makers of a joint and several promissory note. The action was in the name of the payee as the legal plaintiff. The plea alleged that he died previous to the institution of the suit. If true, the legal interest was in his personal representative, and the suit should have been brought in his name. The fact that Curtis was the beneficial holder of the note, did not dispense with the necessity of suing in the name of the administrator. The Circuit Court erred in sustaining the demurrer to the plea. Its judgment will be reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*